FILED
JAN 13 2015
BOLIVAR COUNTY, MS
MARILYN L. KELLY, CIRCUIT CLERK
BY_____D.C.

IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

MICHAEL TARVER     PLAINTIFF

VS.     CAUSE NUMBER: 2015-0004

BOYLE-SKENE WATER CORPORATION;
TODD HOLDER (in official capacity and individually);
TOMMY WORBINGTON (in official capacity and individually); and
BRAD OUZTS (in official capacity and individually)     DEFENDANTS

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff, Michael Tarver, by and through counsel, files this his *Complaint*, and would show the following:

**PARTIES**

1. Michael Tarver, is an adult citizen of Bolivar County, Mississippi.

2. Defendant, Boyle-Skene Water Association Corporation, is a Mississippi non-profit corporation, whose principle office is in Bolivar County, Mississippi.

3. Defendant, Todd Holder, is a member of the board of directors for the Boyle-Skene Water Association Corporation, who is an adult citizen of Bolivar County, Mississippi.

4. Defendant, Tommy Worbington, is a member of the board of directors for the Boyle-Skene Water Association Corporation, who is an adult citizen of Bolivar County, Mississippi.

5. Defendant, Brad Ouzts, is a member of the board of directors for the Boyle-Skene Water Association Corporation, who is an adult citizen of Bolivar County, Mississippi.

EXHIBIT B

## FACTUAL SUMMARY

6. Defendant, the Boyle-Skene Water Association Corp. ("the water association"), is a non-profit water association responsible for providing and maintaining a water system for the Boyle-Skene area of Bolivar County, Mississippi.

7. Plaintiff, Michael Tarver, was the water operator for the Defendant the Boyle-Skene Water Association Corp. from 2007 until he was wrongfully terminated in 2014.

8. In late 2013, Tarver, in his job of water operator for the water association, discovered that Defendant Todd Holder, who is the Chairman of the board of directors of the Defendant Boyle-Skene Water Association Corp., was illegal receiving free water from the association.

9. Plaintiff informed the board of directors for the water association of Holder illegal receiving free water from the association.

10. Defendant, Brad Ouzts, who owns the Cleveland Air Service, an agri-airplane business, that is within the water association district.

11. Tarver, in his capacity as water operator, discovered that Defendant Ouzts was also illegally receiving free water from the water association for his agri-airplane business; at this time Defendant Ouzts was not a member of the board.

12. Tarver reported Ouzts illegally receiving free water for his agr-airplane business from the water association; subsequently, Ouzts had to start paying for water for his business from the association.

13. Shortly thereafter, Ouzts sought and won a seat on the board of directors of the water association.

2

14. Subsequently, Defendants Holder, Ouzts, and Worbington conspired to terminate Tarver for exposing these and other illegal activities of the association; and indeed voted to terminate Tarver in 2014.

15. Then the defendants voted to appoint Defendant Worbington's daughter to take Tarver's position.

### COUNT I-WRONGFUL TERMINATION

16. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-15 as if set forth herein.

17. Plaintiff Tarver was wrongfully terminated because he reported the illegal activities of Holder and Ouzts, among other illegal activities.

18. As a direct and proximate result of the Defendants' wrongful actions, Plaintiff has incurred damages such as lost wages and benefits, and other damages allowable under the law.

### COUNT II—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiff adopts and re-alleges paragraphs 1-18 of this complaint as if set forth in full here.

20. Defendants' actions and reckless disregard caused Plaintiff to suffer emotional distress.

### COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff adopts and re-alleges paragraphs 1-20 of this complaint as if set forth in full here.

22. Defendants' intentional actions and reckless disregard were intended to cause

3

Plaintiff to suffered emotional distress because he exposed their illegal activities.

## COUNT IV--GROSS NEGLIGENCE AND/OR MALICE

23. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-22 as if set forth herein.

24. The scope and severity of Defendants' intentional and wrongful actions constitute gross negligence and/or malice that evidence wanton or reckless disregard of Plaintiff.

25. As a direct and proximate result of the gross negligence and/or malice which evidences a wanton or reckless disregard for Plaintiff, Plaintiff suffered injuries as set forth herein.

## COUNT V--CONSPIRACY

26. Plaintiff adopts and re-alleges paragraphs 1 through 25 of his complaint as if set forth in full.

27. Defendants Holder, Ouzts, and Worbington engaged in a common scheme to wrongfully terminate Plaintiff because he exposed their illegal activities.

28. As a direct and proximate result of these wrongful actions by Defendants, Plaintiff has been damaged and is entitled to same.

## COUNT VI--DEFAMATION

29. Plaintiff adopts and re-alleges paragraphs 1 through 28 of his complaint as if set forth in full.

30. Subsequently, the individual defendants maliciously and intentionally defamed Plaintiff's name and reputation by making false statements about Plaintiff, and directly and

4

proximately resulted in damage to Plaintiff.

## COUNT VII: PUNITIVE DAMAGES

31. The plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. Said conduct of the defendants was committed with a willful, wanton, reckless, grossly negligent, and/or intentional disregard for welfare of the Plaintiff such that the Plaintiff is entitled to punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays for judgment against the Defendants for damages, both compensatory and punitive, in an amount determined by the jury, together with pre and post judgment interest, costs and expenses, attorney's fees, and such other relief as the Court deems just and equitable. A jury trial requested.

Respectfully submitted this the 9 day of January, 2015.

RESPECTFULLY SUBMITTED

MICHAEL TARVER

*Arnold D. Lee*

By:_____
Arnold D. Lee, MSB # 101238
LEE LAW OFFICE, PLLC
P. O. Box 721143
Jackson, MS 39272
601.714.1144
1.866.344.1101(fax)
alee@leelawllc.com

5